HOLTZMAN (PLANT v.). See Case No. 11,206.

---

## Case No. 6,650.

### HOLTZMAN v. PLUMSEL.

[4 Cranch, C. C. 184.] [1]

Circuit Court, District of Columbia. Oct. Term, 1831.

INSOLVENCY—PRIOR APPLICATION AND CONVICTION.

The conviction of an insolvent debtor, upon allegations filed upon a former petition, when he was committed in execution in favor of another creditor who has since been paid, is not a bar to his subsequent application for the benefit of the insolvent act, when committed under a subsequent execution.

This was a petition by Plumsel for the benefit of the insolvent act for the District of Columbia; to which, objections were filed by Holtzman, a creditor, before CRANCH, Chief Judge, on the 6th of July last, and by him postponed, to take the opinion of this court, whether a conviction upon allegations filed upon a former petition, when the petitioner was committed in execution in favor of another creditor who has since been paid, is a bar to his present application, when committed under a subsequent execution.

Upon consideration of the seventh section of the act of March 3, 1803 (2 Stat. 237), and the second section of the act of June 24, 1812 (2 Stat. 755), THE COURT (MORSELL, Circuit Judge, absent) was of opinion that it is not a bar. Under the seventh section of the act of March 3, 1803, the debtor convicted "of fraud or deceit towards his creditors, or of having lost by gaming as aforesaid, or of having given any preference as aforesaid," "shall be precluded from any benefit under this act;" which words are explained, in the second section of the act of 1812, by the words, "he shall not be permitted to take the said oath, and shall be precluded from any benefit under the said act;" whereas, by the same sections of those acts, persons guilty of perjury in the proceedings under the said act, "shall be forever precluded from any benefit under this act." The word "forever," seems to make a distinction in the extent of the penalty affixed to the two offences. In the first case, it seems to contemplate a denial of a discharge from that imprisonment only of which the petitioner complains; in the second, a perpetual bar in all cases, because no credit can be given to his oath after a conviction of perjury.